TYSON, Judge.
Freddie Wiggins appeals from the denial of post-conviction relief through a petition for writ of error coram nobis (which was treated as a Rule 20, A.R.Crim.P. Temp, petition) filed in the Circuit Court of Baldwin County, Alabama.
Wiggins asserts that he was indicted for first degree robbery of Kathy’s Package Store, in Daphne, Baldwin County, Alabama, on May 26, 1984. He was thereafter tried and was found guilty as charged. An appeal to this court followed, which was based primarily on the sufficiency of the evidence. Wiggins was represented by *1050 counsel both at trial and on original appeal in this court.
Thereafter, he filed the present coram nobis petition, which is the subject of this appeal, asserting that his trial counsel was inadequate and ineffective as a matter of law in failing to properly raise an objection to the procedure used to strike the jury, pursuant to the provisions of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).
The circuit court appointed counsel for Wiggins and an evidentiary hearing was conducted on the merits of this particular allegation. Following the hearing, the trial court entered a short order denying relief without making specific findings. (R. 20.) The trial court simply said that the motion seeking relief under A.R.Crim.P.Temp. was denied. Approximately a year later, a motion to reconsider was filed, and this motion was also denied. The appellant then gave notice of appeal, and the appeal was filed in this court.
The State of Alabama has moved this court to ask the circuit court to make specific findings with reference to the merits of the issue raised, i.e., whether retroactive application should be given to this petition seeking post-conviction relief based on the procedure by which the jury was struck for a trial which was conducted some two years before Batson.
Inasmuch as A.R.Crim.P.Temp. require that a specific finding be made by the trial court on the merits of the issues raised, this cause is remanded with directions that the trial court make specific findings on the issue of whether Batson should be applied retroactively in this cause.
Due return by the trial judge shall be filed in this court within 45 days of date of this opinion by the trial judge, showing the findings on the question involved.
REMANDED WITH DIRECTIONS.
All the Judges concur.
BOWEN, J., concurs in result only.